UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sharon E. Bielfelt | ) | CASE NO. 1: 05CV2615 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| John E. Potter, The Postmaster General | ) | |
| of the United States, and | ) | **Memorandum of Opinion and Order** |
| The Office of the United States | ) | |
| Attorney General | ) | |
| | ) | |
| Defendants. | ) | |

### INTRODUCTION

This matter is before the Court upon Defendants' Motion to Dismiss (Doc. 4). This case arises out of alleged discrimination in Plaintiff's employment as a carrier for the United States Postal Service. For the reasons that follow, Defendants' motion is GRANTED in part and DENIED in part.

### FACTS

Plaintiff Sharon Bielfelt has filed a Complaint against the Postmaster General of the United States (John Potter) and the Office of the United States Attorney General. Plaintiff has been employed by the United States Postal Service since 1999. She currently works as a carrier.

1

Her Complaint alleges discrimination based on disability and sex, retaliation, and violations of the Equal Pay Act.

She alleges that she developed a number of work-related injuries such as carpal tunnel and plantar fibromatosis.  Those injuries resulted in restrictions in the work she can perform, including that she is not permitted to stand for more than four hours a day.  At different times since these injuries occurred, she has been classified as "light duty."  This classification describes an individual with an injury sustained outside of work.  Employees with work-related injuries are referred to as "limited duty" and receive preferences over light duty employees in job assignments. Plaintiff alleges that she was improperly classified as light duty and that similarly situated males were classified as limited duty.  Thus, while she was only allowed to work four hours per day, the male employees were allowed to work eight hours per day.  Male employees have also had overtime opportunities that were not given to Plaintiff.  These discrepancies occurred from 2001 to 2004 and resulted in a number of administrative complaints.

Plaintiff also alleges that she asked for four hours of sick leave on July 21, 2004.  She received the four hours of sick leave, but when she returned there was no work for her to do and she was sent home.  She contends that she should have been able to work for the remainder of the day and that two similarly situated males continued working in jobs she could have performed.  This was allegedly in retaliation for her filing of previous administrative complaints and was also alleged to be discrimination based on her sex and disability.  Plaintiff filed another administrative case regarding the July 21, 2004 incident.  At that time, she also attempted to bring up her previous complaints regarding her light duty assignments.  The agency found the earlier claims to be time barred and found against her on her claims regarding the incident of

July 21, 2004.

Finally, Plaintiff claims that she was forced to work through her lunch break in 2005.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff.  *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). A claim is not to be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *see also Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir. 1989).  Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley*, 355 U.S. at 47.  However, the complaint must set forth "more than the bare assertion of legal conclusions."  *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).

"In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)).  Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

**DISCUSSION**

Plaintiff brings counts of sex discrimination, disability discrimination, retaliation, and violations of the Equal Pay Act.  Defendants respond that all of the claims that arose prior to the

3

July 21 incident are untimely.  Congress has provided federal employees with specific procedural avenues to pursue claims against their government employers.  These procedures afford federal employees a prompt and efficient administrative mechanism to pursue their claims, followed in some instances by resort to the federal courts.  In exchange for these remedies, the employee is held to strict limitations as to when a claim must be filed with the appropriate agency and when a case must be filed in a federal district court.  *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976).  These procedures provide the exclusive avenue for bringing such claims in federal court and the failure to comply with the procedures can serve as a bar to the federal court action.  *Id*. at 835.

Here, it is undisputed that only the July 21 incident reached this Court through the proper channels.  According to Defendants, all prior incidents cannot be considered by the Court because they are time barred.  Assuming that the prior incidents cannot be considered, Defendants next argue that the July 21 incident standing alone is insufficient to state a claim.

Plaintiff makes a number of arguments that her claims are proper in spite of her failure to meet the filing requirements.  First, she argues that equitable tolling applies to her claims.  The filing requirements at issue are similar to a statute of limitations, in that they subject to waiver, estoppel, and equitable tolling.  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 376 (6th Cir. 2002).  Courts should consider five factors when deciding whether equitable tolling applies:

> 1) lack of notice of the filing requirement;
>
> 2) lack of constructive knowledge of the filing requirement;
>
> 3) diligence in pursuing one's right;

4

>    4) absence of prejudice to the defendant; and

>    5) the plaintiff's reasonableness in remaining ignorant of the particular pleading requirement.

*Weigel*, 302 F.3d at 376.  "These factors are not the exclusive bases for equitable tolling, however, and the decision to allow equitable tolling is made on a case-by-case basis."  *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003).

Plaintiff alleges that equitable tolling is proper here.  On her earlier claims, Plaintiff was a pro se employee without knowledge of the filing requirements.  She alleges that she was led to believe that her claims had been resolved in her favor by placing her on limited duty, when she actually remained on light duty.  She also notes that an engine block fell on her, and alleges that this injury prevented her from complying with the filing requirements.

Although equitable tolling should be used "only sparingly," *Steiner*, 354 F.3d at 435, Defendants have not responded to Plaintiff's equitable tolling argument.  As such, the Court simply does not yet have the information necessary to decide at the 12(b)(6) stage whether equitable tolling is proper.  Moreover, Defendants have not argued that the July 21 incident, when coupled with the previous employment actions, does not state an actionable claim.  Accordingly, the record before the Court does not support the dismissal of the discrimination and retaliation claims.[1]

---

[1]   The parties devote much of their argument to whether the earlier incidents can be considered as continuing violations related to the July 21 incident.  Defendants are correct that the continuing violation doctrine once applied by the Sixth Circuit has been strictly limited by the Supreme Court's recent decision of *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).  The Supreme Court held that each discrete incident of discrimination is subject to its own limitations period.  *Id*. at 122.  The only

Defendants also argue, and Plaintiff does not dispute, that any claim regarding the 2005 lunch break incident has not been exhausted.  Accordingly, Plaintiff must first bring this claim through administrative procedures.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (holding that each discrete act of discrimination starts a new clock for filing charges related to that act).

Finally, Defendants argue that Plaintiff has failed to state a claim under the Equal Pay Act.  They note that she does not claim that she receives a different pay rate from other employees.  Rather, she alleges that male employees were afforded opportunities for overtime while she was not.  Plaintiff has not responded with any authority or argument that the Equal Pay Act applies to claims of disparate overtime opportunities.  Indeed, it has been held that "[t]he legislative history to the Equal Pay Act supports the interpretation that it is limited to claims of disparate wages."  *Lauper v. Cent. Parking Sys.*, No. 81-5687, 1982 U.S. App. LEXIS 11279, *4 (6th Cir. Dec. 20, 1982).  "Accordingly, [a] claim for equal overtime employment opportunities is outside the purview of the Equal Pay Act."  *Id.*; *True v. New York State Dep't of Correctional Servs.*, 613 F. Supp. 27, 30-31 (W.D.N.Y. 1984).  Plaintiff's Equal Pay Act claim must be dismissed.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss the claims of sex discrimination, disability discrimination, and retaliation.  The Court GRANTS Defendants' motion to dismiss the Equal Pay Act claim.  Finally, Plaintiff must exhaust her

---

exception is hostile work environment claims.  *Id*.  "Neither holding, however, precludes a court from applying equitable doctrines that may toll or limit the time period."  *Id*.

administrative remedies with respect to the 2005 lunch break incident.

IT IS SO ORDERED.

                                                    /s/ Patricia A. Gaughan
                                               PATRICIA A. GAUGHAN
                                               United States District Judge

Dated: 3/6/06