# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Sharon E. Biefelt,** | ) | **CASE NO. 1:05 CV 2615** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **John E. Potter,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendant's Motion for Summary Judgment (Doc. 17). This case alleges discrimination in employment. For the following reasons, the motion is GRANTED.

### Facts

Plaintiff, Sharon Biefelt, filed this Complaint against John E. Potter, Postmaster General of the United States and the Office of the United States Attorney General. Plaintiff has been employed by the United States Postal Service since 1985.

Plaintiff's Complaint sets forth four claims. Count One alleges disability

1

discrimination. Count Two alleges gender discrimination. Count Three alleges retaliation. Count Four alleges a violation of the Equal Pay Act.

The Complaint alleges that beginning in 1998 plaintiff developed a number of work-related injuries such as carpal tunnel and plantar fibromatosis. Those injuries resulted in restrictions in the work plaintiff can perform, including that she is not permitted to stand for more than four hours a day. At different times since these injuries occurred, she has been classified as "light duty." This classification describes an individual with an injury sustained outside of work. Employees with work-related injuries are referred to as "limited duty" and receive preferences over light duty employees in job assignments. Plaintiff alleges that she was improperly classified as light duty and that similarly situated males were classified as limited duty. Thus, while she was only allowed to work four hours per day, the male employees were allowed to work eight hours per day. Male employees have also had overtime opportunities that were not given to Plaintiff. These discrepancies occurred from 2001 to 2004 and resulted in a number of administrative complaints.

Plaintiff also alleges that she asked for four hours of sick leave on July 21, 2004. She received the four hours of sick leave, but when she returned there was no work for her to do and she was sent home. She contends that she should have been able to work for the remainder of the day and that two similarly situated males continued working in jobs she could have performed. This was allegedly in retaliation for her filing previous administrative complaints and was also alleged to be discrimination based on her sex and disability. Plaintiff filed another administrative case regarding the July 21, 2004 incident. At that time, she also attempted to bring up her previous complaints regarding her light duty assignments. The

2

agency found the earlier claims to be time-barred and found against her on her claims regarding the incident of July 21, 2004.

Finally, Plaintiff claims that she was forced to work through her lunch break in 2005.

Defendant previously filed a Motion to Dismiss the Complaint.  Defendant argued that all of the claims which arose prior to the July 21, 2004 incident are untimely.  By Memorandum of Opinion and Order, this Court stated that, although the claims were untimely, it was unclear at that stage whether plaintiff's claims for disability and gender discrimination as well as retaliation were saved by the doctrine of equitable tolling.  This Court, however, dismissed plaintiff's claim under the Equal Pay Act as failing to state a claim, and also noted that plaintiff must exhaust her administrative remedies with respect to the 2005 lunch break incident.

This matter is now before the Court upon defendant's Motion for Summary Judgment.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its

resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985). However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

The issue before this Court is whether plaintiff's remaining claims are saved by the doctrine of equitable tolling and whether the claim based on the July 21, 2004 incident survives on the merits.

**(1) equitable tolling**

Defendant argues that summary judgment is proper as to all claims prior to the July 21, 2004 incident because they are time-barred and plaintiff has failed to demonstrate that equitable tolling applies.

Congress has provided federal employees with specific procedural avenues to pursue claims against their government employers. These procedures afford federal employees a prompt and efficient administrative mechanism to pursue their claims, followed in some instances by resort to the federal courts. In exchange for these remedies, the employee is held to strict limitations as to when a claim must be filed with the appropriate agency and when a case must be filed in a federal district court. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976). These procedures provide the exclusive avenue for bringing such claims in federal court and the failure to comply with the procedures can serve as a bar to the federal court action. *Id*. at 835.

As recognized in this Court's prior Memorandum of Opinion and Order, the parties do not dispute that the July 21 incident is the only claim to reach this Court through the proper channels. All others are time-barred unless revived by equitable tolling.

The filing requirements at issue are similar to a statute of limitations, in that they are subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455

5

U.S. 385, 393 (1982); *Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 376 (6th Cir. 2002).

In considering whether equitable tolling should apply, this Court considers five non-exclusive factors: "(1) whether the plaintiff had actual notice of the time restraint; (2) whether she had constructive notice of the time restraint; (3) the degree of diligence exerted in pursuing her rights; (4) the degree of prejudice to the defendant; and (5) the reasonableness of plaintiff's ignorance of the time constraint." *Steiner v. Henderson*, 354 F.3d 432 (6th Cir. 2003) (citations omitted) Equitable tolling should be used "only sparingly." *Id.*

Plaintiff cannot demonstrate any of the five above-listed factors.  Foremost, she cannot show lack of actual knowledge of the filing requirement as she was provided specific notice of her appeal rights.  (pltf. depo. Ex. C, Terik Hartz decl)

Plaintiff avers that an engine block fell on her in September 2002 and she did not return to work until October 2003.  During that time, she was unable to return to her home, and lived temporarily with relatives.  Her mail was sent to her residence and for several months she was unable to act upon her business affairs, including her EEO appeals.  She had no access and/or ability to procure her certified mail from the U.S. Postal Service.  (pltf. aff.) Plaintiff argues that these conditions were beyond her control and prevented her from responding to each and every EEO appeal or response.

As defendant points out, however, on July 23, 2002, plaintiff had sought counseling on EEO claims.  On October 24, 2002, plaintiff received certified mail notice of her right to file a formal complaint of discrimination.  On November 4, 2002, plaintiff filed a formal administrative complaint of discrimination.  On December 16, 2002, plaintiff received

6

certified mail notice of the Final Agency Decision.  (pltf. depo. Ex. C)   This shows that during the time she was allegedly unable to act upon her affairs, plaintiff took the necessary steps to preserve her claim.[1]

Plaintiff further argues that defendant's "misleading tactics" should toll the deadline periods because plaintiff's reliance caused her not to follow through with her EEO appeals. Specifically, plaintiff argues that she was offered limited duty in 2000 and 2004, but that defendant ignored this on both occasions.  In her 2002 and 2004 EEO Complaints, however, plaintiff asserted that she was improperly limited to four hours of work per day, a light duty classification.  These claims were dismissed as untimely and plaintiff was notified of her appeal rights.

For these reasons, plaintiff has not demonstrated that this is one of those "compelling cases which justify departure from established procedures."  *Steiner,* 354 F.3d at 435. Accordingly, plaintiff's claims are time-barred.

**(2) the July 21, 2004 incident**

Plaintiff avers that on July 21, 2004, she took four hours of leave for a dental appointment.  When plaintiff returned to work, her supervisor sent her home in retaliation for plaintiff's action in naming the supervisor in an EEO charge.

In order to establish a prima facie case of Title VII retaliation, plaintiff must show that "(1) she engaged in activity protected under Title VII, (2) the employer knew that she engaged in the protected activity, (3) the employer subsequently took an adverse, retaliatory

---

[1]    Incidentally, defendant further points out that plaintiff had been employed by the Postal Service for almost 20 years and certainly knew how to have her mail forwarded.

action against the employee... and (4) the protected activity and the adverse action were causally connected." *Randolph v. Ohio Dept. of Youth Services*, 453 F.3d 724 (6th Cir. 2006)

Plaintiff testified that her supervisor told her that she had no light duty available, but that plaintiff could take the remainder of the day as either sick or annual leave. Plaintiff, responded, "all right, fine, whatever I have to do." (pltf. depo. 146-147)

Defendant argues that plaintiff cannot establish a prima facie case but she did not suffer a materially adverse employment action. Defendant asserts that the economic value of four hours of sick leave is about $75.00 before taxes and, therefore, the action is *de minimis* and not actionable. *White v. Burlington Northern and Santa Fe Railway Co.,* 364 F.3d 789 (6th Cir. 2005) For the following reasons, this Court agrees.

An adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *White*, 364 F.3d at 798. A *de minimis* employment decision is not sufficient to support a Title VII claim. *Id.* Rather, an adverse employment action must work a "materially adverse change in the terms and conditions of [plaintiff's] employment." *Hollins v. Atl. Co.*, 188 F.3d 652, 662 (6th Cir.1999).

Four hours of sick or annual leave cannot, as a matter of law, amount to a significant change in benefits. [2]

Moreover, plaintiff testified that her supervisor retaliated against plaintiff for "for being on limited duty, for being a woman. For no reason, for no good reason." (pltf. depo.

---

[2] Additionally, plaintiff does not dispute defendant's assertion that after plaintiff filed her EEO claim as to this incident, defendant offered to restore the four hours of sick leave to resolve the claim. Plaintiff rejected the offer.

155) This does not demonstrate that a causal connection exists between the July 21 decision and the earlier filing of an EEO charge.

Plaintiff has also alleged that her supervisor's decision on July 21 was discrimination based on sex.  In order to establish a prima facie case of sex discrimination under Title VII, plaintiff must show that: (1) she is a member of a protected class, (2) she was subjected to an adverse employment decision, (3) she was qualified for the position and (4) she was treated differently than a similarly situated individual outside the protected class. *Vickers v. Fairfield Medical Center,* 453 F.3d 757 (6th Cir. 2006)

For the reasons stated above, plaintiff fails to establish a prima facie case because she has not demonstrated that she was subjected to an adverse employment decision.

For these reasons, summary judgment is warranted as to this claim.

**Conclusion**

For the foregoing reasons, defendant's Motion for Summary Judgment is granted.

IT IS SO ORDERED.

                                                  /s/ Patricia A. Gaughan
                                                  PATRICIA A. GAUGHAN
                                                  United States District Judge

Dated: 9/13/06